IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Case No. 16 CV 50227 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Robert Hawkins, ) | |
| ) | Judge Philip G. Reinhard |
| Defendant. ) | |

## ORDER

For the following reasons, the court denies defendant's 28 U.S.C. § 2255 motion [1]; [9]. The court declines to issue a certificate of appealability. This matter is terminated.

## STATEMENT - OPINION

On March 24, 2006, defendant Robert Hawkins was sentenced to 324 months imprisonment for convictions for Hobbs Act robbery, 18 U.S.C. § 1951(a) (Count One), using and carrying a firearm in relation to a crime of violence (the Hobbs Act robbery), pursuant to 18 U.S.C. § 924(c) (Count Two), and being a felon in possession of a firearm and an armed career criminal pursuant to 18 U.S.C. §§ 924(g)(1) and 924(e) (Count Three). *See United States v. Hawkins*, Case No. 04 CR 50028-1 (N.D. Ill.).

On June 30, 2016, defendant filed a motion challenging his sentence pursuant to 28 U.S.C. § 2255. In the motion, defendant argues that he was improperly sentenced as an armed career criminal under ACCA, § 924(e), because his three predicate felonies cannot survive *Johnson v. United States*, ___ U.S. ___,135 S.Ct. 2551 (2015). *See* [1]; [9]. Defendant also challenges his 18 U.S.C. § 924(c) conviction for the use of a firearm during the course of a Hobbs Act robbery, 18 U.S.C. § 1951(a). The government has filed a response [16], and defendant has filed a reply [27]. These matters are now ripe for the court's review.

As an initial matter, with regard to defendant's challenge to his 18 U.S.C. § 924(c) conviction, the Seventh Circuit has recently explicitly held that "Hobbs Act robbery is a 'crime of violence' within the meaning of 18 U.S.C. § 924(c)(3)(A)." *See United States v. Anglin*, 2017___ F.3d ___, 2017 WL 359666, at *8 (7th Cir. Jan. 25, 2017). Notably, defendant does not address this issue in his appeal. As such, defendant's challenge to his § 924(c) conviction must fail.

1

With regard to defendant's challenge to his § 924(e) conviction, defendant was classified as an armed career criminal under ACCA because of three qualifying prior convictions: one "aggravated assault" conviction under Georgia law, one "armed robbery" conviction under Georgia law, and one "robbery" conviction under Alabama law. Defendant challenged the aggravated assault and armed robbery convictions as valid predicates in his initial motion, *see* [1] at 15, but only defended his challenge to the aggravated assault conviction in his reply. *See* [27]. The government contends that all three are valid predicates.

The government points out that defendant's prior predicate conviction for Alabama common law robbery, which defendant did not explicitly challenge, is a violent felony under the elements clause because it puts another in fear of force. *See Carlisle v. State*, 484 So.2d 540 (Ala. Crim. App.1985); *United States v. Perez*, 571 F. App'x. 495, 497 (7th Cir. 2014). Defendant does not respond to this argument in his reply and as such would appear to abandon the challenge. After review, the court agrees that the Alabama robbery conviction is a valid predicate under ACCA.

Defendant's prior conviction for armed robbery under Georgia law involved taking property from the person of another by means of a firearm. *See* [16-1] at 6. As the government points out, the Seventh Circuit has found that introducing a firearm into a robbery qualifies as a violent felony under the elements clause. *See United States v. Nigg*, 667 F.3d 929, 937-938 (7th Cir. 2012). Again, defendant does not respond to this argument in his reply and as such would appear to abandon the challenge. The court agrees with the government that this is a valid ACCA predicate.

Finally, defendant challenges his prior conviction for aggravated assault under Georgia law; it is here that he spends the bulk of his analysis in his reply. The government contends that the aggravated assault conviction is a violent felony within the meaning of ACCA under the elements clause. Under Georgia law at the relevant time, and as relevant to defendant's indictment and conviction, the aggravated assault crime reads as follows: "(a) A person commits the offense of aggravated assault when he or she assaults: . . . (2) With a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." O.C.G.A. 16-5-21(a)(2). Assault itself is defined in Georgia law at the relevant time as either an attempt to commit a violent injury or an act which places another in reasonable fear of immediately receiving a violent injury. *See* O.C.G.A. 26-1301; *see Hudson v. State*, 218 S.E.2d 905, 906 (Ga. Ct. App. 1975).

While defendant argues that the aggravated battery statute is indivisible and overly broad, it is nonetheless true that any conviction for aggravated battery requires a finding that the defendant committed a simple assault. The elements of assault under Georgia law are sufficient to make an aggravated assault a violent felony. The Seventh Circuit has held that fear of bodily injury qualifies as a violent felony under the elements clause, as does an attempt to commit a violent injury. *See United States v. Armour*, 840 F.3d 904, 907 & n.3 (7th Cir. 2016). As such, the court agrees with the government that defendant's prior conviction for aggravated assault under Georgia law qualifies as a violent felony and is thus a valid predicate under ACCA. For

2

the foregoing reasons, the court finds that defendant's § 2255 motion is without merit and, as such, denies the motion [1]; [9].

While defendant attempted to raise constitutional issues in his § 2255 motion under *Johnson*, the court finds his collateral claims must be dismissed as without merit and does not find that "reasonable jurists could debate whether . . . the petition should have been resolved in a different matter[.]" *Id.* Thus, because there is no substantial constitutional question for appeal, the court declines to issue a certificate of appealability. The matter is terminated.

Date: 2/02/2017          ENTER:

          *Philip G. Reinhard*
          United States District Court Judge

          Electronic Notices.  (LC)